No. 24,645.

JOE KRITZER, *Appellee*, v. THE ARMA COAL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

ACTION TO RECOVER WAGES—*Corporate Debts—Not Contributions to Capital Stock.* The proceedings in an action to recover wages from a corporation examined, and *held,* a finding necessarily included in the judgment that back wages were corporate debts and not contributions to capital stock, is sustained by sufficient evidence.

Appeal from Crawford district court, division No. 1; ANDREW J. CURRAN, judge. Opinion filed October 6, 1923. Affirmed.

*Arthur Fuller,* of Pittsburg, for the appellant.
*C. O. Pingry,* and *Guy W. Von Schriltz,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover wages. The plaintiff prevailed, and the defendant appeals.

Some fifteen or eighteen coal miners, of whom the plaintiff was one, leased a coal mine and undertook to operate it. Supposedly for the purpose of facilitating conduct of the enterprise, the miners incorporated under the name, The Arma Coal Company. The charter was not produced, and there is no evidence showing amount of capital stock or number of shares, or the number of shares sub-

scribed or owned by each stockholder. There was evidence the corporation had no capital stock. Each of the associates contributed a dollar for organization expenses, and notes of the stockholders were given for $500 with which to begin business. After the charter was obtained some effort was made to form a corporate organization. There were some by-laws and there was a board of directors. It seems, however, nobody understood the nature of a business corporation or how to conduct corporate affairs. Groups of stockholders and directors met together, sometimes casually, but apparently quite regularly on pay day, and the meetings were characterized by one witness as "catch as catch can" and "whoever could talk the loudest." It is clear that at the organization meeting it was agreed each stockholder should receive miner's wages at the rate of $6.03 per day. Nobody could receive anything until they commenced to sell coal. Then there were operating expenses to be paid. The wages of the stockholders, however, were regarded as "back wages." From time to time some payments were made on back wages, and when some dissatisfied stockholders quit, they were paid their back wages in full. A witness for the defendant who had not drawn his pay said it was still owing to him. Witnesses for the defendant testified the stockholders' contributions of labor at $6.03 per day were contributions to "capital stock." If the company made money, the stockholders were to divide the profits. If there was no surplus over expenses, the stockholders lost their labor.

Of course stockholders are not entitled to a division of profits until corporate debts are paid. But the question here was, Were back wages corporate debts, which accumulated because operating expenses necessarily had to be taken care of first? The question was one of fact. The court made no findings of fact, and it cannot be said the judgment was wholly unsupported.

The judgment of the district court is affirmed.